854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Jackson B. HESTER, Jr.
 No. 87-1648.
 United States Court of Appeals, Federal Circuit.
 July 6, 1988.
 
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and NICHOLS, Senior Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 The Patent and Trademark Office Board of Patent Appeals and Interferences (board) sustained the rejection of claims 1-3 in Hester's application serial No. 515,884, filed July 20, 1983, under 35 USC 102(g) as anticipated by the "lost count" in interference No. 98,875 in which priority to Count 2 was awarded to Allgeier et al. We reverse.
 
 OPINION
 
 2
 A "lost count" is available as Sec. 102/103 prior art by virtue of Sec. 102(g) only to the extent that it represents the prior invention of another in this country. In re McKellin, 529 F.2d 1324, 1328, 188 USPQ 428, 432-33 (CCPA 1976). Allgeier et al. relied on the foreign filing date of their Swiss application to establish priority to Count 2 (the species count) in the interference. The interference did not establish that Allgeier et al. made their invention in this country before their U.S. filing date and there is nothing in the record to indicate otherwise. Thus, for purposes of Sec. 102(g), the subject matter of the lost species count is prior art only if Allgeier et al.'s U.S. filing date is prior to Hester's claimed generic invention. Id. See also In re Hilmer, 424 F.2d 1108, 1112-13, 165 USPQ 257, 258 (CCPA 1970).
 
 
 3
 The board considered two declarations submitted by Hester under 37 CFR 1.131 and found that "the claimed generic invention ... was conceived by appellant prior to the U.S. filing date of Allgeier et al. and that due diligence from that conception to the filing of the Hester grandparent application on November 22, 1971 was exercised." The board reversed the examiner's rejection under 35 USC 102(e) based on the Allgeier patent No. 4,427,590, which claimed the subject matter of the lost species count, but held that the declarations could have no effect on the rejection over the lost count.
 
 
 4
 We disagree. Although Rule 131 refers only to domestic patents, foreign patents, and printed publications, and therefore does not explicitly provide for "swearing behind" Sec. 102(g) prior art, Sec. 716 of the Manual of Patent Examining Procedure expresses the Patent and Trademark Office policy that affidavits or declarations which do not fall within or under specific rules are to be treated as falling under 37 CFR 1.132 ("Affidavits or declarations traversing grounds of rejection"). Furthermore, we do not agree that allowing Hester to "swear behind" the U.S. filing date of Allgeier et al. in these circumstances will "subvert the purposes of Sec. 102(g) and interference practice." Hester is not contesting the basis of the award of priority to Count 2 to Allgeier et al. which is entitlement to the filing date of their Swiss application. It would be unfair to penalize Hester for failing to introduce extraneous evidence in the interference to show that he made the generic invention before Allgeier et al.'s U.S. filing date.
 
 
 5
 The board's reliance on In re Kroekel, 803 F.2d 705, 231 USPQ 640 (Fed.Cir.1986), is misplaced, and its quotation from the opinion is unjustified. The quotation is taken from the court's statement of the board's decision in that case and the board's reason for sustaining the rejection under Sec. 102(g). Id. at 708, 231 USPQ at 642. The court, however, affirmed solely on the ground of interference estoppel and expressly declined to address the Sec. 102(g) issue. Id.
 
 Reconsideration of Motion to Remand
 
 6
 In light of this decision, the Commissioner's request for reconsideration of the motion to remand is moot and is therefore denied.